UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**Baltimore Division**

| | | |
|---|---|---|
| IN RE: | * | |
| | | Case No.:  02-56568-DK |
|    MITCHELL T. HASKELL | * | |
|    LAURA M. HASKELL | | Chapter 13 |
| | * | |
|        Debtors | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| GERARD R. VETTER | * | |
| | | Adversary Proceeding No.:  06-01661-DK |
|       Plaintiff, | * | |
| | | |
| v. | * | |
| | | |
| MITCHELL T. HASKELL | * | |
| LAURA M. HASKELL, <u>et</u> <u>al</u>. | | |
| | * | |
|       Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO COMPROMISE CONTROVERSY**

Pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(3) and 9019, the Chapter 13 Trustee, Gerard R. Vetter, moves this Court to compromise a controversy and states:

1. On April 23, 2002, Mitchell T. Haskell and Laura M. Haskell (the "Debtors") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

2. As of the filing of this case, the Debtors owned real property known as 2 Candytuft Lane, Berlin, Maryland 21811 (the "Property").

3. On June 4, 2003, the Debtors filed a Motion to Allow Debtor to Refinance (the "Motion").

4. By Consent Order entered on August 19, 2003 (the "Refinance Order"), this Court approved the refinance of the Property for the sum of $157,000.00, provided that there be sufficient

proceeds to pay the underlying note of the first priority deed of trust holder, Countrywide Home Loan, Inc. ("Countrywide").  Additionally, the Refinance Order provided that the settlement agent is authorized to pay at settlement the balance of funds remaining after paying off Countrywide's loan in full to Joel P. Goldberger, Chapter 13 Trustee (the "Trustee's Predecessor").

5. At settlement, Countrywide was paid off and on October 3, 2003 the Trustee's Predecessor received a check in the amount of $17,860.00.

6. On November 7, 2003, the Trustee's predecessor discovered that an overpayment in the amount of $4,273.46 was inadvertently sent to Countrywide Home Loans, Inc. (the "Overpayment").

7. Upon receipt of the Overpayment, Countrywide, because the Debtors' loan had been paid in full, returned the Overpayment to the Debtors.

8. The Debtors retained the Overpayment, despite demand that they return it to the Trustee.

9. On September 13, 2006, the Trustee commenced Adversary Proceeding No. 06-01661 against Countrywide and the Debtors, seeking to recover the Overpayment.

10. Countrywide, the Debtors, and the Trustee have agreed to compromise this controversy by agreeing to the terms and conditions in the Settlement Agreement, signed by all parties, dated April 30, 2007, a copy of which is attached hereto and incorporated by reference as Exhibit A.

11. Pursuant to the terms of the Settlement Agreement, Countrywide will pay the Trustee the full amount of the Overpayment.  In return, the Trustee will assign to Countrywide any and all claims that the Trustee has asserted against the Debtors in the Adversary Proceeding.  The Debtors will also execute and deliver to Countrywide a consent judgment in favor of Countrywide and

against the Debtors in the amount of the Overpayment ($4,273.63). Countrywide will forbear from attempting to collect this consent judgment until March 1, 2008.

WHEREFORE, the Trustee requests that the compromise of controversy between Countrywide, the Trustee and the Debtors be approved.

                                                       Respectfully Submitted,

                                                       /s/ Gerard R. Vetter
                                                       Gerard R. Vetter
                                                       Chapter 13 Trustee
                                                       7310 Ritchie Highway, Suite 715
                                                       Glen Burnie, Maryland 21061-3293
                                                       (410) 766-9665
                                                       nancyy@grvch13.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 8, 2007, a copy of the Trustee's Motion to Compromise Controversy was sent by electronic transmission to those recipients authorized to receive a Notice of Electronic Filing by the Court, and by first class mail, postage prepaid, to those recipients not authorized to receive a Notice of Electronic Filing by the Court, as follows:

| | |
|---|---|
| Office of the U.S. Trustee<br>101 W. Lombard Street Suite 2625<br>Baltimore, Maryland 21201 | Joseph Anthony Imbesi, Esquire<br>14403 Cuba Road, Suite 604<br>Hunt Valley, Maryland 21030 |
| Mitchell T. Haskell<br>Laura M. Haskell<br>4514 Hidden Stream Court<br>Owings Mills, Maryland 21117 | Matthew G. Summers, Esquire<br>Ballard Spahr Andrews Ingersoll, LLP<br>300 East Lombard Street, 18th Floor<br>Baltimore, Maryland 21202 |

                                                       /s/ Gerard R. Vetter
                                                       Gerard R. Vetter